UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD WYSOCKI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 13-30188-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION
TO AFFIRM THE DECISION OF THE COMMISSIONER
(Dkt. Nos. 16 and 23)

November 19, 2014

MASTROIANNI, U.S.D.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits pursuant to 42 U.S.C. § 405(g). Edward Wysocki ("Plaintiff") asserts that the Commissioner's decision denying him such benefits—memorialized in a June 14, 2013 decision of an administrative law judge ("ALJ")—is in error. The parties have filed cross-motions for judgment on the pleadings.

The court denies Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) and, accordingly, grants Commissioner's motion to affirm the ALJ's decision (Dkt. No. 23), because it is supported by substantial evidence from the record.

I. DISCUSSION

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the applicable standard of review.

A. <u>Standard of Review</u>

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. <u>See</u> 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. <u>Rodriguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion. <u>Ortiz v. Sec'y of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991). Additionally, it is the Commissioner's responsibility to weigh conflicting evidence and decide issues of credibility. <u>Rodriguez,</u> 647 F.2d at 222.

B. <u>Disability Standard and the ALJ's Decision</u>

An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to the expiration of that status, he was under a disability. <u>Baez v. Astrue</u>, 550 F. Supp. 2d 210, 214 (D. Mass. 2008) (citing 42 U.S.C. § 423(a)(1)(A) and (E)). With respect to Plaintiff's claim for SSDI benefits, he must therefore establish disability on or before the last date on which he will be insured, December 31, 2015. <u>See</u> <u>id.</u>

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

See 20 C.F.R. § 404.1520(a)(4); Goodermote v. Sec'y of HHS, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found as follows with respect to these steps: First, Plaintiff has not engaged in substantial gainful activity since August 29, 2011. Moving to step two, the ALJ found that Plaintiff had three severe impairments: bilateral plantar foot mass, diabetes mellitus, and depressive disorder. At the third step, the ALJ determined that Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Continuing to step four, the ALJ found that Plaintiff's residual functioning capacity ("RFC") allows her to perform light work, as defined in 20 C.F.R. 404.1567(b), provided that he is permitted to sit and stand at will, and that the work involves no more than occasional interaction with others. The ALJ ultimately concluded that Plaintiff can perform jobs which exist in significant numbers in the national economy. As a result, the ALJ determined that Plaintiff did not have a disability, as defined by the Act.

3

C. <u>Analysis of Plaintiff's Claims</u>

Plaintiff argues that the ALJ committed reversible error in his decision to accord the opinion of Nina Mirza, M.S. ("Ms. Mirza"), which was cosigned by Dr. Abraham Linn, M.D. ("Dr. Linn"),[1] little weight after erroneously concluding that it was inconsistent with the documentary evidence of the record. This court disagrees, finding that the record as a whole provides substantial evidence to support the ALJ's ultimate conclusion. <u>See</u> 42 U.S.C. § 405(g); <u>Am. Textile Mfrs. Inst. v. Donovan</u>, 452 U.S. 490, 523 (1981) ("The reviewing court must take into account contradictory evidence in the record, but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (internal quotations and citations omitted)).

Generally, an ALJ must "give controlling weight to a treating physician's opinion when that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with substantial evidence in the record." <u>Cowdell v. Astrue</u>, 2012 WL 4862776, at *4 (D. Mass. Sept. 28, 2012) (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)).  An ALJ may, however, grant a treating physician's opinion little weight when "it is internally inconsistent or inconsistent with other evidence in the record." <u>Arruda v. Barnhart</u>, 314 F. Supp. 2d 52, 72 (D. Mass. 2004). When an ALJ does not "accord a treating physician's opinion controlling weight, he or she must consider the length, nature, and extent of the treatment relationship, the opinion's supportability and consistency with the record as a whole, the treating source's area of specialization, and any other relevant factors to determine the weight the opinion deserves." <u>Cowdell</u>, 2012 WL 4862776, at *4.

---

[1] At the hearing, the Commissioner conceded that when a treating acceptable medical source, such as Dr. Linn, cosigns a non-acceptable medical treating source's opinion, such as that of Ms. Mirza, the resulting opinion constitutes that of both sources.

4

Here, the ALJ fulfilled those requirements with respect to the opinion of Dr. Linn.[2] See id. In his decision, the ALJ explained that he granted little weight to Dr. Linn's assessment because "Dr. Linn did not have the opportunity to review subsequent evidence or listen to the claimant's hearing testimony," because "his opinion was inconsistent with the documentary evidence of record, which revealed an ability to partake in many activities of daily living," and because "Plaintiff had a Global Assessment Functioning Score of 51." (Administrative Record ("A.R.") 24-25.) This explanation, which is supported by the record, is sufficient pursuant to the requirements outlined in the regulations.[3] See 20 C.F.R. § 404.1527(c)(2).

Substantial evidence from the record also supports the ALJ's decision to grant little weight to Plaintiff's statements regarding the extent of his disability, as the ALJ justifiably found those statements not credible due to the inconsistencies between Plaintiff's subjective allegations in disability reports and function reports, his hearing testimony, and the medical evidence of record. (A.R. 15.) Therefore, though Plaintiff's subjective allegations are somewhat consistent with the opinion of Dr. Linn to which Plaintiff refers, neither Plaintiff's nor Dr. Linn's opinions are consistent with the vast majority of the other evidence in the record.

For example, the Plaintiff's medical records do not support his contention that his psychiatric symptoms are disabling because the record does not reveal any evidence of frequent and extended psychiatric hospitalizations or evidence of frequent visits to the emergency room due to psychiatric reasons (A.R. 15-16); the Plaintiff's non-compliance with medical advice (A.R. 223, 228,

---

[2] Since Ms. Mirza is not an acceptable medical treating source and Dr. Linn effectively adopted her opinion as his own, the ALJ did not err in failing to mention her by name in his discussion of how much weight to give to her opinion. See McKinley v. Colvin, 2014 WL 768836, at *5 (D.N.H. Feb. 26, 2014) (the regulations do not expressly require that administrative law judges provide good reasons for discounting the opinion of a source who is not an acceptable medical source, including [but not limited to] therapists, social welfare agency personnel, and friends, pursuant to 20 CFR 404.1513).

[3] Plaintiff also argues that the ALJ failed to make any specific reference to the evidence supporting his finding that Dr. Linn's opinion was inconsistent with the record. However, the ALJ had already discussed the evidence supporting his finding at great length in the immediately preceding pages. (See A.R. 22-24.) Therefore, it would have been duplicative, and therefore unnecessary, for the ALJ to repeat these specific reasons during the discussion of his decision to accord little weight to Dr. Linn's opinion. (See A.R. 24-25.)

233-249, 558-575) indicates that his purportedly disabling symptoms may not have been as limiting as he had alleged (A.R. 16); evaluating doctors never recommended any work-exclusive prohibitions (A.R. 16); Plaintiff testified that he is able to walk half a mile to visit his friends (A.R. 16, 40); and Plaintiff has developed at least one friendship to the point that the friend allows him to live rent-free (A.R. 16, 40-41), thereby demonstrating at least a marginal ability to socialize.

Most significantly, the medical evidence of record supports the ALJ's ultimate assessment of Plaintiff's RFC as well. Physical examinations of Plaintiff's feet failed to reveal the type of significant abnormalities consistent with an inability to perform any full time work due to bilateral plantar foot mass.[4] (A.R. 17, 202-207, 221-230, 375-377, 233-249, 305-333, 558-575.) Furthermore, examining sources' mental status evaluations of Plaintiff failed to reveal the type of significant abnormalities consistent with an inability to perform any full time work due to depressive disorder. (A.R. 22-23, 202-207, 305-333, 334-362, 390-414, 532-544.)

Additionally, even Dr. Linn rated Plaintiff's GAF score at 51 (A.R. 24-25, 624-628), thereby indicating that he was functioning at a level that supports the ALJ's findings. (A.R. 25.) See Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 877 (6th Cir. 2007) (GAF scores in the high 40's to mid 50's do not indicate that a claimant lacks the mental capacity to hold at least some jobs in the national economy); accord Morris v. Astrue, 2013 WL 1000326, at *4 n.6 (D.R.I. Feb. 1, 2013). Lastly, though the ALJ granted the Disability Determination Services physicians, who were tasked with reviewing the evidence for the state, "minimal weight" because they did not have "an opportunity to examine the claimant in person, review subsequent evidence submitted at the hearing level, or listen

---

[4] Plaintiff underwent left plantar fascial resection on April 13, 2012 (A.R. 285-304) and, despite a couple of minor setbacks, he substantially recovered. (A.R. 558-575.)

6

to the claimant's hearing testimony," the ALJ's finding is also consistent with the opinions of most of these physicians.[5] (A.R. 25.)

## II. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings, (Dkt. No. 16), and ALLOWS Defendant's Motion for Order Affirming Decision of the Commissioner, (Dkt. No. 23). The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[5] Specifically, state Medical Examiner K. Malin Weeratne, M.D., who reviewed the evidence through November of 2011, assessed that Plaintiff could occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand and walk four hours in an eight hour workday, and sit six hours in an eight hour workday; that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and that he could frequently balance, stoop, kneel, crouch, and crawl (A.R. 25, 68-74.) Additionally, another DDS physician, Robert B. McGan, M.D., who reviewed the evidence through March 27, 2012, essentially concurred with Dr. Weeratne's assessment. (A.R. 25, 76-84.)